IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Odis Rhoden, #199257, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:17-2537-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| Mr. Levern Cohen, R.C.I. Warden, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Odis Rhoden ("Rhoden"), proceeding pro se, alleges a violation of 42 U.S.C. § 1983.  Rhoden alleges that South Carolina Department of Corrections ("SCDC") and Levern Cohen ("Warden Cohen"), Ridgeland Correctional Institution Warden, failed to provide adequate security to protect its inmates, which resulted in him being attacked and severely injured. (Compl. 4-6, ECF No. 1.)  In his Report and Recommendation, Magistrate Judge Rogers recommends dismissing this case without prejudice and without issuance of service of process because the complaint does not indicate any personal involvement by any specifically named defendant and does not allege facts to support a claim for supervisory liability. (R&R 6, ECF No. 8.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Rhoden filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Rhoden's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Rhoden objects that the magistrate judge erred in finding that Eleventh Amendment immunity applied to Warden Cohen. (Obj. 4, ECF No. 14.)

Rhoden contends that Warden Cohen violated his Eighth Amendment rights in supervising correctional officers at Ridgeland Correctional Institution and that this claim is not subject to dismissal based on Eleventh Amendment immunity. (Obj. 4, ECF No. 14.) The court concludes that this objection is meritless. A claim basing liability on the doctrine of respondeat superior is not cognizable under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). Instead, defendants are liable under § 1983 only when they are personally involved in the deprivation of the plaintiff's rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Consequently, a supervisor may only be held liable under § 1983 for the conduct of a subordinate if the plaintiff shows:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or a tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). To satisfy the first Shaw element, Rhoden must show that the subordinate's "conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Id. Rhoden has made no allegations to support this claim. He merely submits that Warden Cohen knew the area was "under staffed." (Obj. 4, ECF No. 14.) Rhoden, moreover, fails to allege any previous circumstance in which Warden Cohen failed to address potential violence from another inmate. Based on the foregoing, Rhoden has failed to show that Warden Cohen was personally involved in any alleged constitutional violation, and therefore, dismissal is appropriate on this claim.[2]

Based upon the foregoing, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein by reference.

---

[2] The magistrate judge notified Rhoden of his right to amend his complaint to name a defendant with personal involvement pursuant to Rule 15 of the Federal Rules of Civil Procedure. (R&R 6 n.2, ECF No. 8.) However, he has failed to do so.

It is therefore

**ORDERED** that Rhoden's complaint, docket number 1, is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
November 16, 2017

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.