IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Odis Rhoden, #199257, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:17-2537-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| Mr. Levern Cohen, R.C.I. Warden, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Odis Rhoden's ("Rhoden") pro se motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants Rhoden's motion.

On November 16, 2017, the court adopted the magistrate judge's Report and Recommendation in part because Rhoden failed to name a defendant with alleged personal involvement to support his claim under § 1983. (Nov. 16, 2017 Order 3, ECF No. 17.) On November 30, 2017, Rhoden filed the instant timely motion to alter or amend. (Mot. Alter or Amend, ECF No. 20.) Rhoden contends that the court's November 16, 2017 Order should be vacated because Rhoden has recently discovered the identity of those with personal involvement. (Mot. Alter or Amend 2, ECF No. 20.) Rhoden argues that he should be granted leave to file an amended complaint. (Id., ECF No. 20.) Rhoden attaches a proposed amended complaint naming two defendants alleged to have personal involvement. (Id. Ex. 1 (Am. Compl.), ECF No. 20-1.) Thus, the court also construes the instant motion as a motion to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

1

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted). "Rule 15(a) and Rule 59(e) motions rise and fall together. Thus, to evaluate whether the motion to reconsider should [be] granted, we must determine whether the denial of the motion for leave to amend [is] proper." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378-79 (4th Cir. 2012). "[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered . . . ." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc).

Rule 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A request to amend should only be denied if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Hall v. Greystar Mgmt. Servs., L.P., No. 14-2145, 2016 WL 241377, at *4 (4th Cir. Jan. 21, 2016) (unpublished) (quoting Laber, 438 F.3d at 426).

Upon review, Rhoden's request to amend his complaint will not prejudice the opposing party.  Further, there is no evidence of bad faith on the part of Rhoden.  Lastly, amendment would not be futile.  The magistrate judge's Report and Recommendation suggested that Rhoden should amend his complaint to name a defendant with personal involvement in his alleged claims.  (R&R 6 n.2, ECF No. 8.)  Rhoden has moved to amend his complaint to cure the deficiency in his original complaint.  (Mot. Alter or Amend Ex. 1 (Am. Compl)., ECF No. 20-1.)  Therefore, Rhoden's motions are granted.

It is therefore

**ORDERED** that Rhoden's motion to alter or amend the judgment, docket number 20, is granted.  It is further

**ORDERED** that Rhoden's motion to amend the complaint, docket number 20, is granted.  The court instructs the Clerk of Court to file the amended complaint.  It is further

**ORDERED** that the case is remanded to Magistrate Judge Rogers for further proceedings.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
December 6, 2017

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.